IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:10-CR-11-BO-1
NO. 2:14-CV-57-BO

| | | |
|---|---|---|
| TERRENCE LEVONNE BLOUNT, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 50] and the government's motion to dismiss [DE 54]. The matter is ripe for ruling. For the following reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 is DISMISSED.

## BACKGROUND

Petitioner, Terrence Levonne Blount, pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), on September 16, 2010. He was sentenced by this Court to a total term of 262 months' imprisonment on January 5, 2011, and judgment was entered the same day. Mr. Blount filed a direct appeal, and the Fourth Circuit Court of Appeals dismissed the appeal on May 27, 2011, as barred by the waiver in Mr. Blount's plea agreement. Mr. Blount did not petition the Supreme Court for a writ of certiorari.

On September 24, 2014, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, in which he raises two grounds for relief. Mr. Blount argues first that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), demonstrates that he was

erroneously sentenced as a career offender, and second, that he should be re-sentenced pursuant to the provisions of the Fair Sentencing Act of 2010.

## DISCUSSION

The government contends that Mr. Blount's motion is both untimely and not subject to equitable tolling. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)–(4).

Petitioner's motion is untimely under § 2255(f)(1). His judgment became final on or about August 27, 2011, the date on which his opportunity to file a petition for certiorari with the Supreme Court expired. *See United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) ("Osborne was required to file his § 2255 within one year from the date on which his judgment of conviction became final by the conclusion of direct review or expiration of the time for seeking such review."). Given that Mr. Blount did not file his motion until 2014, it is untimely under § 2255(f)(1).

The motion also is not timely under any of the other limitation periods contained in § 2255(f). Section 2255(f)(2) is not applicable, as Mr. Blount does not allege that any governmental affected the timeliness of filing. Petitioner cannot rely on § 2255(f)(3) because his claim did not rely on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Though Mr. Blount cites the Supreme Court's decision in *Carachuri-Rosendo*, that decision is not retroactively applicable to cases on collateral review.

2

*United States v. Powell*, 691 F.3d 554, 559–60 (4th Cir. 2012). Moreover, Mr. Blount did not file his § 2255 within one year of *Carachuri-Rosendo*, further rendering § 2255(f)(3) inapplicable. Finally, petitioner points to no newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4). As the Fourth Circuit recently held, a change in the law is not cognizable under § 2255(f)(4). *Whiteside v. United States*, __ F.3d __, 2014 WL 7245453, at *4 (4th Cir. Dec. 19, 2014) (en banc).

Nor can equitable tolling render Mr. Blount's petition timely. Mr. Blount has not proffered facts sufficient to satisfy the high threshold for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). In order to be eligible for such tolling, the movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mr. Blount has alleged not that he was unable to file in a timely fashion, but merely that doing so would have been unsuccessful in light of the case law. "[W]here, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success," the statute of limitations may not be tolled. *Whiteside*, __ F.3d __, 2014 WL 7245453, at *6. As the Court is unaware of any basis upon which to find the petition timely, the Court must dismiss Mr. Blount's petition.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 54] is GRANTED and petitioner's motion to vacate [DE 50] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this ⁓3 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE